```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

UNIMERICA INSURANCE COMPANY,

    Plaintiff,

v.                                    Case No. 8:14-cv-2419-T-33TBM

GA FOOD SERVICES INC., ET AL.,

    Defendants.

_____/

**ORDER**

This matter comes before the Court pursuant to Third Party Defendant Blue Cross and Blue Shield of Florida, Inc.'s (BCBSF) Motion to Dismiss Third Party Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 78), filed on November 24, 2014. Defendant/Counter-Plaintiff/Third-Party Plaintiff GA Food Services, Inc. (GA Food) filed a response in opposition to the Motion on December 8, 2014. (Doc. # 79). For the reasons stated below, the Motion is denied.

**I.   Background**

On December 27, 2013, Plaintiff Unimerica Insurance Company filed an action against GA Food in the United States District Court for the District of Minnesota. (Doc. # 1). The requirements of diversity jurisdiction were established in the Complaint as the amount in controversy exceeds seventy-

five thousand dollars, Unimerica is a Wisconsin corporation with its principal place of business in Minnesota, and GA Food is a Florida corporation with its principal place of business in St. Petersburg, Florida. (Id. at ¶¶ 1-3).

The action arises out of a stop-loss insurance coverage dispute between Unimerica and GA Food relating to an Excess Loss Insurance Policy (Policy) issued by Unimerica. (Id. at ¶ 5). The Policy provides stop-loss coverage to GA Food for obligations it may have related to its self-funded group employee health benefit plan (Plan). (Id.). Under the Policy, Unimerica reimburses GA Food for covered expenses under the Plan that exceed a $75,000 deductible for any individual covered person under the Plan. (Id. at ¶ 6).

One of GA Food's employees had end stage renal disease. (Id.). GA Food sought reimbursement for $386,256.00 from Unimerica under the Policy. (Id.). However, "GA Food did not disclose to Unimerica that the employee became entitled to Medicare on August 1, 2011." (Id. at ¶ 12). Unimerica paid $248,887.00 to GA Food. Unimerica later learned that the employee's coverage under the Plan should have terminated on August 1, 2011, because the employee became entitled to Medicare on that date. (Id.). Unimerica seeks repayment from GA Food for money it paid for the employee's claim (the amount

sought is $129,655, not $248,887 because Unimerica applied an offset). (Id.). The Complaint sets forth counts for Declaratory Judgment; Breach of Contract; and Unjust Enrichment. (Doc. # 1).

On February 11, 2014, GA Food filed a Motion to Dismiss or Transfer case to the Middle District of Florida. (Doc. ## 11, 13). On May 27, 2014, the Minnesota court granted the Motion by transferring the case to the Middle District of Florida. (Doc. # 25). The Court ruled:

> A transfer to the Middle District of Florida serves the interest of justice. Although Minnesota has an interest in ensuring its citizens and corporations receive appropriate legal relief, the balance of considerations favors Florida. . . . The dispute involves the coverage of a Florida entity in connection with a Florida employee, under an insurance policy issued under the laws of Florida and administered by a Florida healthcare company. And, to the extent a choice of law analysis is necessary, Florida law will likely apply to this dispute.

(Id. at 10). The Minnesota court further remarked that: "to the extent this action involves non-party witnesses, a transfer would undoubtedly increase the convenience to these entities and persons. GA Food submits contractual documents demonstrating that BCBSF - a Florida Corporation with its principal place of business in Jacksonville, Florida - administered claims and claim payments under the Plan."

3

(Id.). The Minnesota court ordered the case be transferred to the Middle District of Florida, but did not specify the division of the Court. It was sent to the Jacksonville Division.

Once in Jacksonville, the District Judge, the Honorable Brian J. Davis, entered an Order requiring the parties to (1) file a case management report by August 22, 2014, and (2) to brief the Court as to why the case should stay in Jacksonville, as it appeared the case belonged in the Tampa division. (Doc. # 29). Judge Davis observed: "the Court cannot even infer any of the conduct at issue occurred in the Jacksonville Division." (Id. at 1). After extensive briefing, Judge Davis transferred the case to the Tampa Division. (Doc. # 64). However, before transferring the case, Judge Davis entered a Case Management and Scheduling Order. (Doc. # 51).

The case came to Tampa with GA Food's Motion for Leave to File a Third-Party Complaint against Blue Cross and Blue Shield of Florida, Inc. (Doc. # 58), filed on August 19, 2014. The Motion was timely filed under the Jacksonville Case Management and Scheduling Order. (See Doc. # 51). On October 2, 2014, this Court entered an Order granting leave to file a Third Party Complaint against BCBSF. (Doc. # 66). GA Food filed the Third Party Complaint that same day. (Doc. # 67).

4

BCBSF filed its Motion to Dismiss Third-Party Complaint on November 24, 2014, (Doc. # 78), which is ripe for this Court's review.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all of the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

5

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## II. Analysis

### A. Third-Party Defendant under Rule 14(a)

In this case, Third-Party Defendant BCBSF contends that it is an improper third party to this action, compelling reasons support the Court's discretion not to exercise supplemental jurisdiction over the third-party claims, and GA Food has failed to state a claim upon which relief can be granted. (Doc. # 78). As an initial matter, BCBSF argues that it is an improper third party defendant to this action under Federal Rule of Civil Procedure 14(a), therefore this Court's supplemental jurisdiction does not attach to GA Food's Third-Party Complaint. (Id. at 6).

BCBSF states that "under section 1367(a), a district court has 'supplemental jurisdiction over all other claims

that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" (Id.); 28 U.S.C. § 1367(a). Furthermore, "Rule 14(a) of the Federal Rules of Civil Procedure allows a defendant to implead a third party defendant 'who is or may be liable to it for all of the claim[s] against it.'" (Id.); Fed. R. Civ. P. 14(a). BCBSF notes, however, that "Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim." (Id.)(quoting United States v. Olavarrierta, 812 F. 2d 640, 643 (11th Cir. 1987).

It is BCBSF's position that GA Food's Third-Party Complaint fails to assert how BCBSF is liable for Unimerica's claims against it as that action is based solely on the excess policy between Unimerica and GA Food. (Id. at 7). Moreover, BCBSF contends that it is not a party or signatory to the Excess Policy and, accordingly, cannot be liable for any part of Unimerica's claims against GA Food under the Excess Policy. Thus, BCBSF contends that it was inappropriate for GA Food to implead it into this action under Rule 14. (Id.).

7

GA Food responds that BCBSF's Motion fails to note the contract that links Unimerica, GA Food, and BCBSF together – the BlueOptions Group Health Plan document – which was attached as Exhibit D to GA Food's Answer, Affirmative Defenses, and Counterclaim. (Doc. # 79 at 5); (see Doc. # 37). According to GA Food, "the GA Food/ BCBSF Administrative Services Agreement incorporates the BlueOptions Group Health Plan into same. The Unimerica/ GA Food Excess Loss Insurance Policy also incorporates the BlueOptions Group Health plan into same." (Id. at 6).

It is GA Food's position that "the obligations and liabilities of all three parties in this matter simply cannot be determined under the Excess Loss Insurance Policy and/or the Administrative Services Agreement without the BlueOptions Group Health Plan document that is incorporated into same." (Id.). "The inextricably intertwined BlueOptions Group Health Plan provides the contractual privity between Unimerica and BCBSF that Unimerica claimed is lacking and that BCBSF claims is lacking, and this contractual privity forms a basis for this Court's continuing to exercise ancillary or derivative jurisdiction over the third-party action." (Id.). This Court agrees that the actions are inextricably intertwined due to

8

the Plan and therefore declines to dismiss the Third-Party Complaint on this ground.

### B. Supplemental Jurisdiction over Third-Party Complaint

Next, BCBSF argues that "[e]ven if BCBSF is appropriately joined under Rule 14, the Court should exercise its discretion and decline supplemental jurisdiction over GA Food's Third-Party Complaint." (Doc. # 78 at 11). BCBSF states that "section 1367(c)(4) permits a district court to decline to exercise supplemental jurisdiction over a claim if, in exceptional circumstances, there are other compelling reasons for declining jurisdiction. A court evaluates the factors of judicial economy, convenience, fairness to the parties, and whether all claims would be expected to be tried together." (Id.); Parker v. Scrap Metal Processors, Inc., 468 F. 3d 733, 745 (11th Cir. 2006). BCBSF argues that the venue clause in FA Food's Services Agreement with BCBSF provides a compelling reason for this Court to decline supplemental jurisdiction over the Third-Party claims. The provision provides that "all actions or proceedings instituted by [GA Food] or BCBSF hereunder shall be brought in a court of competent jurisdiction in Duval County, Florida." (Id. at 12).

The primary question for the Court is not whether the forum-selection clause is valid, but whether it encompasses

9

claims of the type alleged in the Third-Party Complaint. While finding that the forum-selection clause is not broad enough to apply to the instant action, the Court acknowledges that, as is often the case with the interpretation of forum-selection clauses, this case presents a close call. See PODS, Inc. v. Paysource, Inc., 2006 U.S. Dist. LEXIS 31838, *13, n.6 (M.D. Fla. May 18, 2006).

Contractual forum-selection clauses are entitled to a presumption of validity and the Court will honor the parties' choice of venue unless there is a compelling reason to the contrary. See Sompo Japan Ins., Inc. v. Alarm Detection Sys., Inc., 2003 U.S. Dist. LEXIS 13689, *3 (N.D. Ill. Aug. 6, 2003). In the Eleventh Circuit, "[c]lauses referencing 'any lawsuit regarding this agreement' and 'any action brought by either party in any court' have been broadly construed to include contract claims 'arising directly or indirectly from' the contractual relationship, as well as tort and extra-contractual claims." See PODS, Inc., 2006 U.S. Dist. LEXIS 31838 at *4 (citing for example Digital Envoy, Inc. v. Google, Inc., 319 F. Supp. 2d 1377, 1380 (N.D. Ga. 2004); Stephens v. Entre Computer Ctrs., Inc., 696 F. Supp. 2d 636, 638 (N.D. Ga. 1998); Stewart Org., Inc. v. Ricoh Corp., 810 F.2d 1066, 1070 (11th Cir. 1987)).

This Court cannot conclude that the Third-Party Complaint comes within the scope of the forum-selection clause in this case. First, as stated by Judge Davis, and placed in a footnote in BCBSF's Motion, "the venue clause did not apply to this case as it then stood because neither GA food nor BCBSF instituted the action." (Doc. # 78 at 12); (see Doc. # 64). Although BCBSF argues that GA Food instituted the third-party action after Judge Davis transferred this action to the Tampa Division, this Court disagrees. (Id.). On August 19, 2014, GA Food's filed its Motion for leave to file a Third-Party Complaint. (See Doc. # 58). The case was then transferred to the Tampa Division on September 23, 2014. (See Doc. # 23).

Although this Court entered an Order on October 2, 2014, allowing GA Food's to file its Third-Party Complaint against BCBSF (see Doc. # 66), the third-party proceeding began while the case was before the Jacksonville Division. Second, it is not clear that the forum-selection clause applies to third-party actions being brought supplementary to already initiated proceedings. (Doc. # 78 at 12). Therefore, BCBSF has not provided this Court with compelling reasons to decline supplemental jurisdiction over GA Food's third-party claims.

C. **Failure to State a Claim**

Lastly, BCBSF argues that GA Food's third-party claims fail as a matter of law on their merits. (Doc. # 78 at 14). BCBSF contends that "the claims as plead conflict with the express language of the Services Agreement and GA Food's negligence claim fails to allege any conduct independent of a breach of contract in any event." (Id.). BCBSF further argues that "where a contract exists, a tort action will lie only for intentional or negligent acts that are independent from acts that breach the contract." (Id. at 16)(quoting Brown v. Chamax, LLC, 51 So. 3d 552, 556 (Fla. 2d DCA 2010). BCBSF contends that "GA Food's negligence claim fails to allege any action that is independent of BCBSF's alleged breaches of the Services Agreement." (Id. at 17). "To the extent GA Food alleges that BCBSF breached the standard of care provision in the Services Agreement, GA Food's negligence claim is still no different than its breach of contract claim." (Id.).

GA Food counters that "it would be premature to force GA Food to elect its remedy at this juncture, and an election of remedy is precisely what would occur if the Court endorses BCBSF's independent tort doctrine argument." (Doc. # 79 at 11). "With tortious behavior being one way in which BCBSF can breach the Administrative Services Agreement, GA Food should

12

not have to plead a batch of tort-based allegations separate from contract-based allegations." (Id.).

It is undisputed that GA Food and BCBSF entered into a valid contract – the Administrative Services Agreement. (Doc. # 78 at 15); (see Doc. # 79-2). However, BCBSF takes issue with the provision – Section 5.2 - contained within the Agreement. (Id.). In order for this Court to determine whether the provision is enforceable, the Court would need to engage in contract interpretation; specifically, whether Florida law recognizes exculpatory provisions as valid and enforceable where the parties' intentions are clear and unequivocal and if there is conduct that overcomes the contractual limit of liability. (Id.). Such analysis is better suited for the summary judgment stage of these proceedings.

Furthermore, as argued by GA Food in its response, GA Food has engaged in "alternative pleading," with regard to its contract and tort based claims. (Doc. # 79 at 11). "As the Eleventh Circuit Court of Appeals has made clear, 'the doctrine of election of remedies only applies after one of the remedies has been satisfied.'" (Id.)(quoting Princeton Homes, Inc. v. Virone, 612 F.3d 1324, 1334 (11th Cir. 2010).

For the reasons set forth above, and for purposes of the Court's present analysis only, GA Food has satisfied its

13

burden under Rule 8(a) as to the Third-Party Complaint. Therefore, BCBSF's Motion is denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Third-Party Defendant Blue Cross and Blue Shield of Florida, Inc.'s Motion to Dismiss Third-Party Complaint (Doc. # 78) is **DENIED.**

(2) Blue Cross and Blue Shield of Florida, Inc. has until and including **December 19, 2014**, to file its Answer to the Third-Party Complaint.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of December, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record